IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

| | |
|---|---|
| MAWULE TEPE, | ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:22-cv-136 ) |
| WHIRLPOOL CORPORATION, | ) ) |
| Defendant. | ) ) ) |

**NOTICE OF REMOVAL**

Defendant Whirlpool Corporation ("Defendant") hereby notices the removal of this action pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446 to the United States District Court for the Eastern District of Tennessee. Defendant removes this case on grounds of federal question jurisdiction because Plaintiff's claim arises under federal law. In support of this Notice of Removal, Defendant states as follows:

**I.      Timeliness of Removal**

1.      On or about April 6, 2022, Plaintiff Mawule Tepe ("Plaintiff") filed a civil action against Defendant in Bradley County Circuit Court in Bradley County, Tennessee, Docket No. V-22-173. Copies of the Summons and Complaint are attached as Exhibit A, as required under 28 U.S.C. § 1446(a). These are the only process, pleadings, and orders served on Defendant in this action.

2.      Defendant Whirlpool Corporation was served with the Complaint on April 25, 2022 by "personal service" on an individual who is not Whirlpool Corporation's registered agent or otherwise authorized to receive service on behalf of Whirlpool Corporation.

3. Accordingly, Defendant is timely filing this Notice of Removal within 30 days after service of process, as required by 28 U.S.C. § 1446(b).

**II.     Venue**

4. The Bradley County Circuit Court is located within the Southern Division of the Eastern District of Tennessee.  28 U.S.C. § 123.  Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

**III.    Federal Question Jurisdiction**

5. This action is properly removable under 28 U.S.C. § 1441(a), because the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, which provides that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6. Plaintiff's Complaint alleges that Defendant violated 42 U.S.C. § 1981. (Compl. ¶ 33.)

7. By asserting a claim under federal law, namely, 42 U.S.C. § 1981, Plaintiff's Complaint asserts a federal question under 28 U.S.C. §1331.  Accordingly, this case is properly removable under 28 U.S.C. § 1441(a).

8. In addition, in his Complaint, Plaintiff alleges he had a health savings account through his employment with Defendant, that he was wrongfully terminated from employment, that the account was a "use it or lose it" benefit, that the balance on the account was "forfeited" to Defendant at the end of 2020, and that Defendant breached its fiduciary duty to Plaintiff by misappropriating his account balance.  (Compl. ¶¶ 4-9.)

2

Case 1:22-cv-00136-TRM-CHS   Document 2   Filed 05/26/22   Page 2 of 6   PageID #: 4

9. The account to which Plaintiff refers was governed by the terms of the Company's benefit plan.

10. Claims relating to employee benefit plans, such as the one at issue here, are governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*.

11. ERISA preempts state-law claims relating to employee benefit plans and provides the exclusive remedy for claims brought by benefit plan participants and beneficiaries. *See* 29 U.S.C. §§ 1132(a)(1)(B) and 1144(a) (providing that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan"). ERISA wholly displaces state law causes of action through complete preemption, and as such, state claims can be removed without regard to the well-pleaded complaint rule. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-09 (2004); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (2002). Here, Plaintiff's claims are based on an employee benefit plan established by an employer, as defined by ERISA, 29 U.S.C. § 1002(1). Therefore, Plaintiff's state law claims are preempted by ERISA.

12. Pursuant to 29 U.S.C. § 1132(e), the United States District Courts have original jurisdiction over actions brought by participants/beneficiaries to recover benefits pursuant to employee benefit plans under ERISA. This Court, therefore, has original jurisdiction over Plaintiff's claims by virtue of federal question jurisdiction under 28 U.S.C. § 1331, and this action is properly removed to federal court pursuant to 28 U.S.C. §§ 1331 and 1441(c).

**IV. Supplemental Jurisdiction**

13. To the extent any of Plaintiff's claims are not preempted by ERISA, this Court has supplemental jurisdiction over Plaintiff's state law claims for breach of fiduciary duty and defamation. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other

claims that are so related to Plaintiff's federal cause of action "that they form part of the same case or controversy under Article III of the United States Constitution." State law claims fall within this Court's supplemental jurisdiction when they share with the federal claims "a common nucleus of operative fact . . . such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

14. Here, Plaintiff's state law claims for breach of fiduciary duty and defamation relate closely to his § 1981 claim. The claims all arise out of a common nucleus of operative facts: Plaintiff claims Defendant "intentionally breache[d] its fiduciary duties and [defamed] against Plaintiff just to punish him because Plaintiff filed discrimination complaints against it back in 2019 and 2021[,]" and Plaintiff claims these actions amounted to retaliation in violation of 42 U.S.C. § 1981. (Compl. ¶¶ 32-33.)

15. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Moreover, there is no reason why this Court should not exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's state law claims neither raise novel or complex issues of State law nor predominate over the claim over the claim over which this Court has original jurisdiction, and there are no exceptional circumstances or other compelling reasons for this Court to decline supplemental jurisdiction. *See* 28 U.S.C. 1367(c). Thus, removal is proper under 28 U.S.C. § 1441 (c).

**V.     Conclusion**

16. In accordance with 28 U.S.C. § 1466, copies of this Notice of Removal will be promptly served upon Plaintiff (who is *pro se*) and filed with the Clerk of the Bradley County Circuit Court. A copy of Defendant's notice of filing to the state court is attached hereto as Exhibit B.

4

Case 1:22-cv-00136-TRM-CHS   Document 2   Filed 05/26/22   Page 4 of 6   PageID #: 6

17. By removing this matter, Defendant does not waive or intend to waive any defense, including but not limited to insufficiency of process and insufficiency of service of process.

WHEREFORE, Defendant respectfully requests that this Court assume control over this action, as this action is properly removed, and for such other relief as this Court deems just and proper.

Dated this 25th day of May, 2022.

        Respectfully submitted,

        /s/ Luci L. Nelson
        William S. Rutchow, BPR #017183
        OGLETREE, DEAKINS, NASH,
          SMOAK & STEWART, P.C.
        SunTrust Plaza
        401 Commerce Street, Suite 1200
        Nashville, TN 37219-2446
        Telephone: 615-254-1900
        Facsimile: 615-254-1908

        Luci L. Nelson, BPR # 036354
        OGLETREE, DEAKINS, NASH,
          SMOAK & STEWART, P.C.
        The Ogletree Building
        300 North Main Street, Suite 500
        Greenville, SC 29601
        Telephone: 864-271-1300
        Facsimile: 864-235-8806

        Attorneys for Defendant Whirlpool Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on this the 25th day of May, 2022, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all registered participants and via Certified Mail, Return Receipt Requested, upon the following:

Mawule Tepe
3403 Peerless Rd., NW #G
Cleveland, TN 37312
*Pro se*

/s/ Luci L. Nelson