# EXHIBIT A

# STATE OF TENNESSEE
# THE CIRCUIT COURT OF BRADLEY COUNTY, TENNESSEE

## SUMMONS

CIVIL ACTION NUMBER _V 22.173_

Maurele Tepe ) VS. Whirlpool Corporation )
3403 Peerless Rd NW 6 ) 2730 20th Street NE )
Cleveland, TN 37312 ) Cleveland, TN 37323 )
_____Plaintiff (s)_____ _____Defendant (s)_____

To the above-named defendant(s):

     You are hereby summoned and required to serve upon _Maurele Tepe_,
plaintiff's attorney, whose address is _3403 Peerless Rd NW 6 Cleveland TN 37312_,
a written answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you,
exclusive of the day of service. The same answer must be filed with the court. If you fail to do so, judgment by default can be taken
against you for the relief demanded in the complaint.

Issued and tested this _6_ day of _April_ , 20 _22_ .

_Viola H. Miller_ _R.K._
_____Clerk_____ _____Deputy Clerk_____

## RETURN

I received this summons on the _25_ day of _April_ , 20 _22 @ 10:00AM_

I:

    [X] served this summons and a complaint on defendant _Whirlpool Corporation_ in the following manner:
_Personal service to Danny Bradley_

_____

_____

    [ ] failed to serve this summons within 30 days after its issuance because:_____

_____

_____

Process Server _____

## NOTICE _Deputy BCSO #2048_

## TO THE DEFENDANTS:

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment
should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish
to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it
is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to filing of the list. Certain items are
automatically exempt by law and do not need to be listed; these include items necessary wearing apparel (clothing) for yourself and your family and
trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you
would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the council of a lawyer.

CIRCUIT-SUMMONS (3/02)

MAWULE TEPE,

        **Plaintiff,**

vs.

**WHIRLPOOL CORPORATION**

        **Defendants,**

Case No. V-22-173

## COMPLAINT

### I. INTRODUCTION

Plaintiff, Mawule TEPE or (Plaintiff), files this Complaint against the defendant Whirlpool Corporation for breach of fiduciary duties such as misappropriation of Plaintiff's Health Savings Account "HSA", withholding Plaintiff's HSA information, failure to act in good faith and fair dealing, and for defamation as the defendant disclosed inaccurate and/or a wrong salary payment information to Internal Revenue Service "IRS". Whirlpool's action causes some torts to the Plaintiff such as emotional distress, damage reputation, and financial expenses. In support of his allegations, plaintiff states as follow:

### II. JURIDICTION AND VENUE

1. This Court has a personal and subject matter jurisdiction over this case because defamation and breach of fiduciary duties are cause of action under Tennessee State Law, and the Venue also is proper as both plaintiff and defendant reside in the same County where the action arose.

FILED

2022 APR -6 PM 1:22

GAYLA H. MILLER
CIRCUIT COURT CLERK

## III. PARTIES

2.      Plaintiff, MAWULE TEPE resides at 3403 Peerless RD NW Apt. G, Cleveland, Bradley County, TN, 37312, Telephone number +1 423 994 3805.

3.      Defendant, WHIRLPOOL CORPORATION locates at 2730 20th St NE, Cleveland, Bradley County, TN, 37323. Telephone number +1 423 559 4244;

## IV. FACTS

### Statement of facts on breach of fiduciary duty allegation

4.      Plaintiff Mawule TEPE is a former Whirlpool Corporation's Employee who has a Health Savings Account (HSA) when enrolled in his former Employer's Health Insurance before he was wrongfully terminated on September 02, 2020 without being told what may happen to his HSA as soon as he leaves the company. **This shows the relationship between Plaintiff and Defendant.**

5      On Around October 2020, Plaintiff reaches out to the HSA Administrator to check the status of his HSA and to find out whether he can cash out his HSA balance, and he was told that the HSA can only be used for healthcare Expenses, and it cannot be cash out. Beside this, Plaintiff was not told that his HSA will be forfeited at the end of the year. He was told that even though he is no longer with Whirlpool Corporation, he can still use his HSA Debit Card until the HSA is completely depleted. No one told the Plaintiff about "use it or lose it."

6      On around August 2021, Plaintiff went to the Hospital for his health issue, and he has seen his HSA Debit Card declined when he tried to pay for his health consultation and medicine fees. Plaintiff felt embarrassed and stressed out as Health Professional Representatives were looking at him as his HSA debit Card was getting declined. Plaintiff was obliged to pay out his

2

own pocked to cover his medical expenses. **This shows the Damages**. Plaintiff did not realize at this point that his HSA balance was forfeited to the defendant yet.

7        In the following weeks, Plaintiff phoned his HSA Administrator, and he was told his HSA balance was forfeited to Whirlpool Corporation at the end of the year 2020 since he is no longer working at Whirlpool. This is another wrong doing Whirlpool Corporation engages in. Instead of rolling over the Plaintiff HSA balance, Whirlpool Corporation confiscated Plaintiff's Health Saving money preventing Plaintiff to pay for his medical expenses. Beside this, defendant did not notify the Plaintiff following Plaintiff's HSA balance forfeiture. **This shows breach of fiduciary duty and bad faith acting and unfair dealing.**

8        When Plaintiff was terminated, he tried to have access to his HSA online but he was prevented by his former employer Whirlpool Corporation to access to account information and transactions online. Plaintiff requested to have access to his HSA online while he phone his HSA administrator, but his request was denied.

9        Now, not only Plaintiff HSA account information and transactions are confiscated by Whirlpool Corporation, but also his HSA balance. Plaintiff believe he is unjustly being prevented to benefit from his rights related to his HSA. Plaintiff believe Whirlpool Corporation breaches its fiduciary duty. **This two latest paragraphs show the defendant's bad faith and unfair dealing.**

### Statement of facts on fraud and defamation allegations

10       On December 1, 2020 Whirlpool Corporation sends a letter to Plaintiff about a wage overpayment of $1,215.81. Whirlpool Corporation requests the Plaintiff to payback a sum of $1,144.91 that Plaintiff finds unjustified (**Exhibit 2**.) Plaintiff believe Whirlpool Corporation's request is fraudulent, and Plaintiff requested a disclosure of his personal file such as paystubs,

3

login and logout files, and his biweekly pays filing in Kronos.com application, and Whirlpool failed to provide a response to Plaintiff's request; Plaintiff sent two (2) consecutive letter to Whirlpool respectively on January 30, 2021 and on March 3, 2021 (**Exhibit 3**.) After having notified Plaintiff regarding "the unjustified" wage overpayment, Whirlpool Corporation notified Internal Revenue Service (IRS) that Plaintiff was overpaid.

11      On November 1, 2021, IRS sent an installment notification to Plaintiff, and on November 29, 2021, Plaintiff received another installment fees collection request from IRS, and Plaintiff is requested to pay an installment fees of $126.50 (**Exhibit 4**.) Both IRS letter are related to Whirlpool Corporation wage overpayment allegation. Since Plaintiff is prevented to have access to his personal files, Plaintiff sent a letter to IRS requesting a suspension of any installment fees collection until the legal action Plaintiff is taking against his former employer Whirlpool Corporation is resolved.  If Whirlpool know its notification to IRS is legitimate and right, it should not willing to provide a response to Plaintiff's personal disclosure request.

12      Plaintiff believe the Whirlpool Corporation disclosed to IRS is inaccurate, and/or false in order to damage Plaintiff's reputation and to harm Plaintiff's morale and emotion. Whirlpool actions causes torts to the Plaintiff and Plaintiff is suffering morally and emotionally. Plaintiff feels defamed against by his former employer Whirlpool Corporation.

13      The defendant actions are retaliatory and intentional because, Plaintiff filed complaints against the defendant in Federal Court (Case No. 1:19-cv-00158-JRG-SKL and Case No. 1:20-cv-00332-JRG-SKL in 2019 and 2021) and, the defendant is not happy about it, and it is taking revenge by harming Plaintiff financially, emotionally, and morally by not only confiscating Plaintiff HSA balance, but also by reporting an unjustified wage overpayment to IRS.

14      Retaliating against someone because the individual files a legal complaint is prohibited by Federal and Tennessee State laws.

15      Defendant's conduct was unreasonable and outrageous and exceed the bound tolerated by decent society, and was willfully, maliciously, and deliberately to cause me a severe emotional distress, and loss of enjoyment of life, so as to justify the award of punitive and exemplary damages.

## FIRST CAUSE OF ACTION

### Defendant Breaches Its Fiduciary Duty by Misappropriating Plaintiff's HSA Balance

16.     Plaintiff re-alleges the allegation set forth in Paragraph 1 – 9, above and incorporates same herein by reference.

17.     Plaintiff, (a former Whirlpool's employee,) was a holder of Whirlpool Corporation Health Insurance and HSA, and on September 2, 2020 Plaintiff was wrongfully terminated by Whirlpool Corporation, but he still has his HSA Debit Card even though he loses his Health Insurance. A true copy of Plaintiff's Health Insurance Card and HSA Debit Card is attached hereto and incorporated by reference at **Exhibit 1**. This shows that the Defendant had not only a relationship with the Plaintiff but also a duty to the Plaintiff since the Defendant is the Health Insurance and HSA policy provider susceptible to pay for Plaintiff's qualified medical expenses that may incur by the Plaintiff.

18.     On around August 2021, Plaintiff went to the Hospital for his health issue, and he has seen his HSA Debit Card declined when he tried to pay for his health consultation and medicine fees, and when Plaintiff reaches out to his HSA administrator later on, he was told that his HSA balance was forfeited to the defendant at the end of the year 2020. Defendant confiscated Plaintiff's

5

HSA balance instead of rolling over Plaintiff's HSA balance at the end of every year until the HSA is depleted. This shows that Defendant breaches its fiduciary duty.

19.     As Plaintiff's HSA debit card was declined, Plaintiff felt embarrassed and stressed out as Health Professional Representatives were looking at him as his HSA debit Card was getting declined. Plaintiff was obliged to pay out his own pocked to cover his medical expenses. Until now, Plaintiff loses his HSA as the Defendant get it confiscated. Plaintiff suffered and keeps suffering from his HSA balance confiscation by the Defendant.

## SECOND CAUSE OF ACTION

### Defendant Breaches Its Fiduciary Duty by Withholding Plaintiff's HSA Information

20.     Plaintiff re-alleges the allegation set forth in Paragraph 1 – 9, above and incorporates same herein by reference.

21.     Plaintiff, (a former Whirlpool's employee,) was a holder of Whirlpool Corporation Health Insurance and HSA, and on September 2, 2020 Plaintiff was wrongfully terminated by Whirlpool Corporation, but he still has his HSA Debit Card even though he loses his Health Insurance. A true copy of Plaintiff's Health Insurance Card and HSA Debit Card is attached hereto and incorporated by reference at **Exhibit 1**. This shows that the Defendant had not only a relationship with the Plaintiff but also a duty to the Plaintiff since the Defendant is the Health Insurance and HSA policy provider susceptible to pay for Plaintiff's qualified medical expenses that may incur by the Plaintiff. Defendant also has the duty to disclose all information related to Plaintiff's HSA as well as the transaction that the Plaintiff made on his HSA online. Besides these, the Defendant has the duty to grant the online HSA access to the Plaintiff when the Plaintiff's employment at Whirlpool was ended, but the Defendant failed to do so.

6

22.    Defendant breaches its duty by withholding and blocking Plaintiff's information and online access. As result Plaintiff found himself in embarrassing and stressful situation when his HSA debit Card was declined at the glance of Health Care Representative. All these embarrassing and stressful situation could have been avoided if Plaintiff can see online that his HSA balance was forfeited to the Defendant. Plaintiff was obliged to pay out his pocket for hi medical expenses. Defendant is liable for the damage Plaintiff suffered.   .

## THIRD CAUSE OF ACTION

### Defendant Breaches Its Fiduciary Duty of Good Faith and Fair Dealing

23.    Plaintiff re-alleges the allegation set forth in Paragraph 1 – 9, and paragraph 16 - 22 above and incorporates same herein by reference.

24.    Plaintiff believe the Defendant failed their fiduciary duty through its Bad Faith actions and Unfair Dealing by not only by withholding pertinent Plaintiff HSA information, by misappropriating Plaintiff's HSA balance, and failing in their responsibilities. As result Plaintiff suffered financial damages and emotional distress.

## FOURTH CAUSE OF ACTION

### Defamation – Libel; Defamatory Wage Overpayment's Notice and Disclosure made by Whirlpool Corporation to IRS against Mawule Tepe

25    Plaintiff re-alleges the allegation set forth in Paragraph 10 – 12, above and incorporates same herein by reference.

26    Whirlpool Corporation allegedly sends wage overpayment to IRS with the intention to hurt Plaintiff reputation and financially;

7

27      Whirlpool Corporation is believed by the Plaintiff to have the knowledge that the wage

overpayment notice that it reported to the IRS is inaccurate and/or a false information, because if

Whirlpool Corporation knows that the information it sends to IRS is accurate, it should not have

failed to answer Plaintiff's request to disclose Plaintiff personal file as proof of justification.

28      Whirlpool Corporation recklessly sends the wage overpayment information to IRS with a

total disregard of the truth. Meanwhile Defendant still owed August 2020 salary to the Plaintiff.

29      Defendant's action causes Plaintiff to suffer financially, and emotionally. Beside this,

Plaintiff's reputation is compromised.

30      Whirlpool Corporation's action is intentional and retaliatory as it was not pleased with

two discrimination complaints Plaintiff filed against it back in 2019 and in 2021 in United State

District Court (Case No. 1:19-cv-00158-JRG-SKL and Case No. 1:20-cv-00332-JRG-SKL.)


## FIFTH CAUSE OF ACTION
### Whirlpool Corporation retaliates against Mawule Tepe

31      Plaintiff re-alleges the allegation set forth in Paragraph 1 – 30, above and incorporates

same herein by reference.

32      Whirlpool Corporation intentionally breaches its fiduciary duties and it defames against

Plaintiff just to punish him because Plaintiff filed discrimination complaints against it back in

2019 and in 2021 in United State District Court (Case No. 1:19-cv-00158-JRG-SKL and Case

No. 1:20-cv-00332-JRG-SKL.), and the Defendant is not happy about it.

33      Retaliation is a type of intentional discrimination prohibited under 42 U.S. Code § 1981.

Plaintiff is a Black African American who worked for Whirlpool Corporation, and who has filed

a discrimination complaint against the Defendant, and Defendant takes adverse action against

him through defamatory action and by breaching of its fiduciary duties.

8

**V.**                     **PRAYER FOR RELIEF**

1. Damages to the fullest extent on all counts of breach of fiduciary duties under 26 U.S.C.S. § 223(d)(1)(E);

2. Damage to the fullest extension permitted by law for Defendants Defamation;

3. Punitive Damage based on the willful, wanton, bad faith and intentional nature of the conduct of the Defendants and Defamation per se;

4. Damages to the fullest extent permitted under 42 U.S. Code § 1981'

5. Damages for my' emotional pain and suffering Plaintiff suffered,

6. Damage based on intentional nature of Defendants' conduct,

7. Pre-judgment and post-judgment interest, and all expenses I made litigating,

8. Others and further relief as this court deems just and proper.


### DEMAND FOR JURY TRIAL

Plaintiff demand a jury trial on all causes of action and as to all issues so triable.


Dated: April 6, 2022                                    Respectfully submitted,


                                                        Mawule TEPE

STATE OF TENNESSEE, COUNTY OF BRADLEY
I, Gayla H. Miller, Clerk of the Circuit Court of said
County, do hereby certify that the foregoing is a true
copy of the Complaint _____ as same as
appears on the file in my office.
Witness my hand and Official Seal, at office in Cleveland,
Tennessee. This ___ day of April
20 22
GAYLA H. MILLER, Clerk
Deputy Clerk

9

# EXHIBIT 1



**Whirlpool** CORPORATION

**UnitedHealthcare**
Choice Plus Network
Administered by HealthSCOPE Benefits

EMPLOYER - WHIRLPOOL CORPORATION

PLAN # ▮▮▮▮

EMPLOYEE # A▮0540765

EMPLOYEE NAME   MAWULE A TEPE

COVERAGE - EE ONLY

ROUTINE WELLNESS 100%-NO COPAY


**HealthSCOPE** BENEFITS

For Medical Eligibility, Claim Inquiry,
Benefit Verification & Provider Inquires
Call HealthSCOPE Benefits at
1-800-660-6212

**Medimpact**


Prescription benefits are
Administered by Medimpact
BIN: 003585 RX PCN: ASPROD1
Grp: WHR001 1-844-587-7389



HealthSCOPE BENEFITS

393 4211 7024 432▮

0093   GOOD THRU LAST DAY OF 12/21   **DEBIT**

MAMULE A TEPE
WHIRLPOOL 1-ACCOUNT   **VISA**

---

Send Medical Claims To:
HealthSCOPE Benefits
PO BOX 99006
Lubbock, TX ▮▮▮▮
EDI Payor # ▮▮▮▮


**HealthSCOPE** BENEFITS

Self-funded Plan
Administered by HealthSCOPE Benefits

PRECERTIFICATION: Your benefit plan describes what services require
precertification. These include, but are not limited to: inpatient hospital services,
outpatient surgery, MRI, CT, PET, dialysis, outpatient mental health services and
chemotherapy treatment. For you and your physician to obtain pre-cert please call
1-800-660-6212. Failure to pre-certify will result in reduced benefits.
This card does not guarantee coverage.



AUTHORIZED SIGNATURE – NOT VALID UNLESS SIGNED

# EXHIBIT 2



December 1, 2020

Mawule Tepe
3403 Peerless Rd NW Apt G
Cleveland, TN 37312

RE: Overpayment HRC0786446:

Dear Mawule,

Our records indicate you received an overpayment of wages in the amount of $1,215.81. The attachment "Explanation of Overpayment of Wages", shows the details of the amount overpaid. In order to correct the overpayment, please forward a lump sum payment to Whirlpool in the amount of $1,144.91.

If you are unable to reimburse Whirlpool prior to December 18, 2020; Income Tax implications exist because the overpayment was received in a prior year. You will be responsible for the State and Federal tax on constructive receipt of the funds, due to IRS Regulations (Publication 15).

Please review and sign the statement below indicating your understanding. Please return the signed letter and payment to:

Whirlpool Corporation
Attn: Payroll MD 2004
2000 N M-63
Benton Harbor, MI 49022

Please contact the Whirlpool HR Team at 1-888-539-2372 if you have any questions.

Your cooperation is greatly appreciated.

Sincerely,

Whirlpool HR Team
1-888-539-2372



I, Mawule Tepe, Employee ID ████████, understand that I received an overpayment of wages. I further understand that I will reimburse Whirlpool by lump sum payment of $1,144.91.


Signature:

Date:

# EXPLANATION OF OVERPAYMENT WAGES

PERNER: [illegible]
NAME: Mawule A Tepe
SN CASE: HRC0786446

EXPLANATION: Late Term Entry. Termination was entered after 09/04/20 payroll was finalized. Unpaid time in Kronos from 08/23/2020 - 09/05/2020.
PAYDATE OCCURRED ON: 8/21, 9/4, 9/18

| | WAS | SHOULD HAVE BEEN | DIFFERENCE |
|---|---|---|---|
| Salary | $1,648.00 | -$1,153.60 | $2,801.60 |
| | | | |
| Regular NEX | $2.06 | $3.71 | -$1.65 |
| Overtime | $0.00 | $3.71 | -$3.71 |
| Unpaid | -$1,483.20 | -$1.65 | -$1,481.55 |
| | $0.00 | $0.00 | $0.00 |
| **SALARY TOTAL** | **$166.86** | **-$1,147.83** | **$1,314.69** |
| | | | |
| Federal | $0.00 | $0.00 | $0.00 |
| Social Security - 6.2% | $10.54 | -$70.96 | $81.50 |
| Medicare - 1.45% | $2.47 | -$16.60 | $19.07 |
| State Tax | $0.00 | $0.00 | $0.00 |
| | $0.00 | $0.00 | $0.00 |
| | $0.00 | $0.00 | $0.00 |
| **TAXES TOTAL** | **$13.01** | **-$87.56** | **$100.57** |
| | | | |
| 401(K) | $16.69 | -$114.78 | $131.47 |
| AD&D | $0.00 | $0.00 | $0.00 |
| Empl Life | $0.00 | $0.00 | $0.00 |
| Medical | $0.00 | $0.00 | $0.00 |
| HCSA | $0.00 | $0.00 | $0.00 |
| Dental | $0.00 | $0.00 | $0.00 |
| Vision | $0.00 | $0.00 | $0.00 |
| **BEFORE TAX DEDUCTION TOTAL** | **$16.69** | **-$114.78** | **$131.47** |
| | | | |
| | $0.00 | $0.00 | $0.00 |
| | $0.00 | $0.00 | $0.00 |
| | $0.00 | $0.00 | $0.00 |
| | $0.00 | $0.00 | $0.00 |
| | $0.00 | $0.00 | $0.00 |
| **AFTER TAX DEDUCTION TOTAL** | **$0.00** | **$0.00** | **$0.00** |
| | | | |
| **OTHER TAXABLE** | **$3.28** | **$3.28** | **$0.00** |

| Claim Paycheck | 401K election |
|---|---|
| 2801.6 | |
| -1.65 | Tax election |
| -3.71 | Federal |
| -1481.55 | State |
| 0 | Local |
| 0 | |
| 0 | |
| 0 | |
| 0 | |
| 0 | |
| 0 | |
| 0 | |
| 0 | |
| 0 | |
| 98.88 | |
| 0 | |
| 0 | |
| 0 | |
| 0 | |
| 0 | |
| 0 | |
| 0 | |
| 0 | |
| 0 | |
| 0 | |
| 0 | |
| 0 | |
| 0 | |
| 0 | |

**\*DO NOT ENTER ANYT**

| | | |
|---|---|---|
| **FEDERAL TAXABLE** | $153.45 | -$1,029.77 |
| **FICA TAXABLE** | $170.14 | -$1,144.55 |

| | |
|---|---|
| $1,082.65 | NET |
| $131.47 | Over Contributed 401K |
| -$29.66 | Over Contributed ACC |
| -$39.55 | Over Contributed Match |

| **TOTAL TO BE REPAID** | | **$1,144.91** |
|---|---|---|
| ACC | ($24.65) | ($24.65) |
| MATCH | ($32.88) | ($32.88) |

# EXPLANATION OF OVERPAYMENT WAGES

PERNER:
NAME: Mawule A Tepe
SN CASE: HRC0786446
EXPLANATION: Late Term Entry. Termination was entered after 09/04/20 payroll was finalized. Unpaid time in Kronos from 08/23/2020 - 09/05/2020.
PAYDATE OCCURRED ON: 9/4/2020

| | WAS | SHOULD HAVE BEEN | DIFFERENCE |
|---|---|---|---|
| Salary | $1,648.00 | $1,648.00 | $0.00 |
| Regular NEX | $2.06 | $2.06 | $0.00 |
| Overtime | | $0.00 | $0.00 |
| Unpaid | -$1,483.20 | -$1,483.20 | $0.00 |
| | | $0.00 | $0.00 |
| **SALARY TOTAL** | **$166.86** | **$166.86** | **$0.00** |
| Federal | $0.00 | | $0.00 |
| Social Security - 6.2% | $10.54 | $10.55 | -$0.01 |
| Medicare - 1.45% | $2.47 | $2.47 | $0.00 |
| | | | $0.00 |
| | | | $0.00 |
| | | | $0.00 |
| **TAXES TOTAL** | **$13.01** | **$13.02** | **-$0.01** |
| 401(K) | $16.69 | $16.69 | $0.00 |
| Empl Life | | $0.00 | $0.00 |
| Medical | | $0.00 | $0.00 |
| | | $0.00 | $0.00 |
| | | $0.00 | $0.00 |
| | | $0.00 | $0.00 |
| | | $0.00 | $0.00 |
| **BEFORE TAX DEDUCTION TOTAL** | **$16.69** | **$16.69** | **$0.00** |
| | | $0.00 | $0.00 |
| | | $0.00 | $0.00 |
| | | $0.00 | $0.00 |
| | | $0.00 | $0.00 |
| | | $0.00 | $0.00 |
| **AFTER TAX DEDUCTION TOTAL** | **$0.00** | **$0.00** | **$0.00** |
| **EE GTLI Taxable** | **$3.28** | **$3.28** | |

| | | | |
|---|---|---|---|
| **FEDERAL TAXABLE** | **$153.45** | **$153.45** | |
| **FICA TAXABLE** | **$170.14** | **$170.14** | |

**$0.00** NET
**$0.00** Over Contributed 401K
**$0.00** Over Contributed ACC
**$0.00** Over Contributed Match

| **TOTAL TO BE REPAID** | | | **$0.00** |
|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| ACC | $5.01 | 0.03 | 5.01 | $0.00 |
| MATCH | $6.67 | 0.04 | 6.67 | $0.00 |

Validation Check (this should be the same amt as ADJNEX)    $0.00

**Right side panel:**

Name
Address

Claim
Paychec  401K
k         election
    0
          Tax
          election
          Federal
          State
          Local

*DO NOT ENTER ANYT

# EXPLANATION OF OVERPAYMENT WAGES

PERNER: 02739

NAME: Mawule A Tepe

SN CASE: HRC0786446

EXPLANATION: Late Term Entry. Termination was entered after 09/04/20 payroll was finalized. Unpaid time in Kronos from 08/23/2020 - 09/05/2020.

PAYDATE OCCURRED ON: 9/4

| | WAS | SHOULD HAVE BEEN | DIFFERENCE | | Claim Paychec k |
|---|---|---|---|---|---|
| Salary | | -$2,472.00 | $2,472.00 | | 2472 |
| Regular NEX | | $0.00 | $0.00 | | |
| Overtime | | $0.00 | $0.00 | | |
| Unpaid | | $1,483.20 | -$1,483.20 | | -1483.2 |
| | | $0.00 | $0.00 | | |
| SALARY TOTAL | $0.00 | -$988.80 | $988.80 | | |
| Federal | | | $0.00 | | |
| Social Security - 6.2% | | -$61.31 | $61.31 | | |
| Medicare - 1.45% | | -$14.34 | $14.34 | | |
| | | | $0.00 | | |
| | | | $0.00 | | |
| | | | $0.00 | | |
| TAXES TOTAL | $0.00 | -$75.64 | $75.64 | | |
| 401(K) | | -$98.88 | $98.88 | | 98.88 |
| Empl Life | | $0.00 | $0.00 | | |
| Medical | | $0.00 | $0.00 | | |
| Dental | | $0.00 | $0.00 | | |
| Vision | | $0.00 | $0.00 | | |
| | | $0.00 | $0.00 | | |
| | | $0.00 | $0.00 | | |
| BEFORE TAX DEDUCTION TOTAL | $0.00 | -$98.88 | $98.88 | | |
| Loan 02 | | | | | |
| | | $0.00 | $0.00 | | |
| | | $0.00 | $0.00 | | |
| | | $0.00 | $0.00 | | |
| | | $0.00 | $0.00 | | |
| | | $0.00 | $0.00 | | |
| AFTER TAX DEDUCTION TOTAL | $0.00 | $0.00 | $0.00 | | |
| EE GTLI Taxable | | | | | *DO NOT |

| | | | |
|---|---|---|---|
| FEDERAL TAXABLE | $0.00 | -$889.92 | |
| FICA TAXABLE | $0.00 | -$988.80 | |

**$814.28** NET

$98.88 Over Contributed 401K

-$29.66 Over Contributed ACC

-$39.55 Over Contributed Match

| TOTAL TO BE REPAID | | | $843.95 |
|---|---|---|---|

| | | #D IV/ OI | | |
|---|---|---|---|---|
| ACC | | ($29.66) | 0 | ($29.66) |

# EXPLANATION OF OVERPAYMENT WAGES

| | |
|---|---|
| **PERNER:** | 102739 |
| **NAME:** | Mawule A Tepe |
| **SN CASE:** | HRC0786446 |
| **EXPLANATION:** | Late Term Entry. Termination was entered after 09/04/20 payroll was finalized. Unpaid time in Kronos from 08/23/2020 - 09/05/2020. |
| **PAYDATE OCCURRED ON:** | 9/18/2020 |

| | WAS | SHOULD HAVE BEEN | DIFFERENCE | | Claim Paycheck |
|---|---|---|---|---|---|
| Salary | | -$329.60 | $329.60 | | 329.6 |
| Regular NEX | | $1.65 | -$1.65 | | -1.65 |
| Overtime | | $3.71 | -$3.71 | | -3.71 |
| Unpaid | | -$1.65 | $1.65 | | 1.65 |
| | | $0.00 | $0.00 | | |
| **SALARY TOTAL** | $0.00 | -$325.89 | $325.89 | | |
| Federal | | | $0.00 | | |
| Social Security - 6.2% | | -$20.21 | $20.21 | | |
| Medicare - 1.45% | | -$4.73 | $4.73 | | |
| | | | $0.00 | | |
| | | | $0.00 | | |
| | | | $0.00 | | |
| **TAXES TOTAL** | $0.00 | -$24.93 | $24.93 | | |
| 401(K) | | -$32.59 | $32.59 | | |
| AD&D | | $0.00 | $0.00 | | |
| Empl Life | | $0.00 | $0.00 | | |
| Medical | | $0.00 | $0.00 | | |
| HCSA | | $0.00 | $0.00 | | |
| Dental | | $0.00 | $0.00 | | |
| Vision | | $0.00 | $0.00 | | |
| **BEFORE TAX DEDUCTION TOTAL** | $0.00 | -$32.59 | $32.59 | | |
| | | $0.00 | $0.00 | | |
| | | $0.00 | $0.00 | | |
| | | $0.00 | $0.00 | | |
| | | $0.00 | $0.00 | | |
| | | $0.00 | $0.00 | | |
| **AFTER TAX DEDUCTION TOTAL** | $0.00 | $0.00 | $0.00 | | |
| **OTHER TAXABLE** | $0.00 | $0.00 | | | *DO NOT |
| **FEDERAL TAXABLE** | $0.00 | -$293.30 | | | |
| **FICA TAXABLE** | $0.00 | -$325.89 | | | |

**$268.37** NET

**$32.59** Over Contributed 401K
**$0.00** Over Contributed ACC
**$0.00** Over Contributed Match

| **TOTAL TO BE REPAID** | | | $300.96 |
|---|---|---|---|

| | | #DIV/0I | | |
|---|---|---|---|---|
| ACC | $0.00 | | $0.00 | $0.00 |

# EXHIBIT 3

January 30, 2021

**Mawule TEPE**

3403 Peerless Road NW Apt# G

Cleveland, TN 37312

**Whirlpool Corporation**

**Attn: Payroll MD 2004**

2000 N M-63

Benton Harbor, MI 49022

Re: Overpayment HRC0786446

**OBJECT:** Request of My Personal Files,

Dear Mr./Mrs. Director of Payroll Department,

    I have the honor to come respectfully to your high responsibility and to your high benevolence, to request the following personal files: (1) My login/Logout from January 1, 2018 to September 02, 2020; (2) My Kronos Time Card Submissions from January 1, 2018 to September 02, 2020; and (3) My Pay Stubs from January 1, 2018 to September 02, 2020. These personal files will help me out to find out whether or not i was overpaid during the time period of January 1, 2018 to September 02, 2020.

    "Tennessee Code 8-50-108 specifies, any state employee, regardless of position or classification, shall be entitled to have access at any reasonable time to such employee's personnel files. The employee may request copies of any material contained in such personnel files, which copies shall be furnished to the employee upon the employee's payment of the cost of such reproduction". So should you need me to pay to for my personal files disclosure, please let me know how/where/when the payment needs to be made. Please provide the requested copie(s) before March 08, 2021. This will prevent any IRS Penalties & delayed response to IRS on my side.

    I would therefore respectfully request you, Dear Mr./Mrs. Director of Payroll Department of Whirlpool Corporation, to kindly provide me the above personal files which will susceptibly help me out to answer your "Overpayment HRC0786446" and to provide an update to IRS as well. As I am looking forward to a favorable response to my request, please accept, Mr./Mrs. Director of Payroll Department, the expression of my deep respect and high consideration.

Sincerely yours,

Mawule TEPE

March 3, 2021

**Mawule TEPE**

3403 Peerless Road NW Apt# G

Cleveland, TN 37312

**Whirlpool Corporation**

**Attn: Payroll MD 2004**

2000 N M-63

Benton Harbor, MI 49022

Re: Overpayment HRC0786446

**OBJECT: <u>Response to the Second Notice and Request of My Personal Files</u>**,

Dear Mr./Mrs. Director of Payroll Department,

I would like to inform you that I do not believe that I was overpaid, and I do not believe in signing the Affidavit of FICA Refund Form in the Second Notice. I would like Whirlpool and I to conduct a full discovery on all salary I received as I request in my first letter in order to shed light on the Overpayment HRC0786446 case.

As for now, I do not believe having been overpaid. I can only believe this once we conduct a full/thorough investigation and discovery on this matter that arises. I believe having the right to obtain my personal files. I would like Whirlpool to handle this Overpayment HRC0786446 Case by March 19, 2021 and send me the confirmation once done should it do not want us to dive into this matter through files disclosure. I will be looking forward to your response.

Thank you

Sincerely yours,

Mawule TEPE

# EXHIBIT 4

 **IRS** Department of the Treasury
Internal Revenue Service
Memphis, TN 38101-0069

Notice Number:  CP-89
Notice Date: **Nov. 1, 2021**
Taxpayer Identification Number:

 xxx-xx-517

If you have any questions,
please call us at:
**800-829-8374**



MAWULE A TEPE
3403 PEERLESS RD NW APT G
CLEVELAND, TN 37312-3432

# THIS IS NOT A BILL

## Annual Installment Agreement Statement
### THIS IS FOR YOUR INFORMATION

This is your Annual Installment Agreement Statement. This two-part statement shows the installment-agreement activity from September 7, 2020 to September 13, 2021 for each tax period included in your agreement.

I. The **Payment Detail** page shows the payments received and where they have been applied.

- Your payments are listed by date received to assist you as you review your records. The payments are also totaled at the end of the detail, for your convenience.

- Your payments have been applied according to the terms of your agreement and in accordance with the law. For each tax year, your payments are applied first to tax, then penalty, then interest, and other charges.

II. The **Installment Agreement Activity** page shows each tax period for which you owed tax.

- The Beginning Balance is calculated as of September 7, 2020, or the date you entered a tax period into an installment agreement, if it was later. The beginning balance of each tax period includes the unpaid tax, penalty, and interest as of this calculation date.

- The Total Interest, Total Penalty and Other Charges are the amounts added during this period. Other Charges are items such as fees, refunds or adjustments.

If you'd like to pay the full amount you owe, please call us at 800-829-8374 so we may give you a current payoff figure. Your future statements will be mailed to you annually, for as long as you have installment agreement activity.

As always, we appreciate your timely payments.



# Payment Detail
### for September 7, 2020 to September 13, 2021

| Payment Date | Applied Amount | | Applied to Tax Form | Tax Period |
|---|---|---|---|---|
| 07/26/2021 | $ | 853.00- | 1040 | 12/31/2020 |
| Total Payments | $ | 853.00- | | |



- Payments received after August 26, 2021 may not appear on this statement but will be shown on your next annual statement.

- If you think we missed giving you credit for a payment, please call 800-829-8374 and we will be glad to resolve any discrepancies.

# Penalty and Interest

The Penalty and interest charges on your account are explained below. If you want a more detailed explanation of your penalty and interest, please call the telephone number listed on the front of this notice/letter.

## Paying Late - IRC section 6651 (a) (2)

We charge penalty when your tax isn't paid on time. Initially, the penalty is 1/2% of the unpaid tax for each month or part of month you didn't pay your tax.

## Interest - IRC section 6601

We charge interest when your tax isn't paid on time. Interest is computed from the due date of your return (regardless of extensions) until paid in full.

Interest compounds daily except on late or underpaid estimated taxes for individuals or corporations. Interest is also charged on penalties for late filing, late paying, over or understating valuations, and substantially understating the tax you owe.

MAWULE A TEPE

xxx-xx-5117

## Installment Agreement Activity
### for September 7, 2020 to September 13, 2021

| Tax Period | Form Number | Beginning Balance | Total Payments Received | Total Penalty Added | Total Interest Added | Other Charges Added | Ending Balance |
|---|---|---|---|---|---|---|---|
| 12/31/2020 | 1040 | $ 857.92 | $ 853.10- | $ 0.00 | $ 1.48- | $ 3.44- | $ 0.00 |
| Total | | $ 857.92 | $ 853.10- | $ 0.00 | $ 1.48- | $ 3.44- | $ 0.00 |

For information on your penalty and interest computations, you may call 800-829-8374.






Department of the Treasury
Internal Revenue Service
P.O. Box 9941
Stop 5500
Ogden, UT 84409

| Notice |  |
|---|---|
| Tax Year | 2020 |
| Notice date | November 29, 2021 |
| Social Security number | |
| To contact us | 877-766-2161 |
| Page 1 of 2 | 29 |





MAWULE A TEPE

---

Your installment for deferred payment of the employer's share of Social Security tax (Cares Act Section 2302) is due.

# Installment amount due: $126.50

Your annual installment amount due on December 31, 2021 and/or December 31, 2022, is shown on this notice.

**Payment information**

| Total unpaid Social Security tax due December 31, 2021 | $126.50 |
|---|---|
| Total unpaid Social Security tax due December 31, 2022 | $126.50 |

**What you need to know**

Section 2302 of the CARES Act allows you to defer payment of the employer share of Social Security taxes.

**What you need to do**

- Pay your current installment amount by the due date shown above. Failure to pay by the due date may result in interest and failure to pay penalty.
- Pay online or mail a check or money order with the attached payment stub. You can pay online now at www.irs.gov/payments
  **NOTE – This may not reflect any other balance due you may still owe on this account.** If you are on a payment plan, continue to make your normal payments.

Continued on back...

---



**IRS**
**Payment**

INTERNAL REVENUE SERVICE
P.O. BOX 9941
STOP 5500
OGDEN, UT 84409

MAWULE A TEPE



| Notice | |
|---|---|
| Notice date | November 29, 2021 |
| Social Security number | |

- Make your check or money order payable to the United States Treasury.
- Write your Social Security number (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), the tax year (2020), and the form number (1040) on your payment and any correspondence.

**Amount due**                                   **$126.50**



## Additional information

- For tax forms, instructions, and publications, visit www.irs.gov/forms or call 800-TAX-FORM (800-829-3676).
- If you have questions, you can call us at the number above or write to us at the address at the top of the first page. Be sure to include your Social Security number, the tax year, and the form number you are writing about.
- Keep this notice for your records.

If you need assistance, please don't hesitate to contact us.