UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| MAWULE TEPE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No.: 1:22-CV-136-KAC-SKL |
| | ) |
| WHIRLPOOL CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR RECONSIDERATION FOR LACK OF JURISDICTION**

Before the Court is the "Motion for Reconsideration" [Doc. 28] of Plaintiff, who is proceeding pro se. On September 12, 2022, the Court issued a Memorandum Opinion and Order granting Defendant's motion to dismiss [Doc. 26] and entered judgment dismissing Plaintiff's claims without prejudice [Doc. 27]. Plaintiff now moves the Court to reconsider its Order and Judgment under Federal Rules of Civil Procedure 59(e) and 60(b) on the ground that "Defendant . . . and its Counsel . . . failed to disclose [] material facts regarding their fraudulent intent, unlawful conspiracy, [and] dishonest conduct" [Doc. 28 at 1]. Plaintiff also filed a Notice of Appeal [Doc. 29] simultaneously with his "Motion for Reconsideration" and paid the filing fee to appeal to the Sixth Circuit [Doc. 29 at 2].

Under Federal Rule of Appellate Procedure 4(a)(1), to be timely, a Party must file a notice of appeal within thirty (30) days of the entry of judgment. Fed. R. App. P. 4(a)(1). "As a general rule, the district court loses jurisdiction over an action once a party files a notice of appeal, and jurisdiction transfers to the appellate court." *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993). "[T]he district court retains jurisdiction over an action when an 'appeal is untimely, is an appeal from a non-appealable non-final order, or raises only issues that were previously ruled upon

in that case by the appellate court.'" *Id.* at 394-95 (quoting *Rucker v. United States Dep't of Labor*, 798 F.2d 891, 892 (6th Cir. 1986)).

Here, because Plaintiff timely filed a notice of appeal, this Court lacks jurisdiction to consider Plaintiff's "Motion for Reconsideration" regarding the Court's Order and Judgment. Plaintiff timely filed his notice of appeal four (4) days after the Court entered its Order and Judgment [*See* Doc. 29]. None of the *Lewis* exceptions apply to permit this Court to adjudicate the substance of Plaintiff's "Motion for Reconsideration". *See Lewis*, 987 F.2d at 394-95. Accordingly, this Court was stripped of jurisdiction to issue a substantive ruling on Plaintiff's motion. *See Lewis*, 987 F.2d at 394-95; *Peterson v. United States*, 6:14-CV-134-KKC-REW, 2017 WL 6395851, at *1 (E.D. Ky. Dec. 14, 2017) (denying motion for reconsideration for lack of jurisdiction where notice of appeal and motion for reconsideration were filed on the same day).

Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration [Doc. 28] for lack of jurisdiction.

IT IS SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge